## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

**T H E   S A M U E L   L A W   F I R M**
Michael Samuel (MS 7997)
1441 Broadway – Suite 6085
New York, New York 10018
(212) 563-9884
michael@thesamuellawfirm.com

*Attorneys for Plaintiff, individually and on behalf*
*of all others similarly situated*

| | |
|---|---|
| GIOVANNY RAMIREZ MOLINA, on behalf of himself and all other persons similarly situated, | INDEX NO. 22-cv-_____ |
| Plaintiff, | **COMPLAINT** |
| - vs. – | **COLLECTIVE ACTION** |
| 517 West Properties, LLC, and Isaac Wettenstein, | **CLASS ACTION** |
| Defendants. | |

Plaintiff Giovanny Ramirez Molina, by and through his undersigned attorneys, for his complaint against 517 West Properties, LLC, and Isaac Wettenstein, on behalf of himself and all other persons similarly situated, alleges as follows:

### NATURE OF THE ACTION

1.      Plaintiff alleges, on behalf of himself and all other similarly situated current and former employees of defendants 517 West Properties, LLC, and Isaac Wettenstein, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA") § 216(b), that he is entitled to (i) unpaid wages from defendants for overtime work for which he did not receive overtime compensation pay as required by law, and (ii) liquidated

damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because the defendants' violations lacked a good faith basis.

2.     Plaintiff further complains that he is entitled to: (i) unpaid wages at least equal to applicable statutory minimum wage; (ii) back wages for overtime work for which Defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 *et seq.* and the supporting New York State Department of Labor regulations; (ii) compensation for Defendants' violation of the Wage Theft Prevention Act; and (iii) liquidated damages pursuant to New York Labor Law for these violations.

## THE PARTIES

3.     Mr. Giovanny Ramirez Molina ("Plaintiff" or "Mr. Ramirez") is an adult individual residing in 517 W. 180th Street, Basement Apt., New York, New York, 10033.

4.     Defendant 517 West Properties, LLC ("517 West") is a New York limited liability company with a registered business address at 125 Taaffe Place, Brooklyn, New York 11205.

5.     Defendant Isaac Wettenstein is an adult individual, and manager of the building where Plaintiff lives and works, which building is owned by defendant 517 West.

6.     Upon information and belief, and at all relevant times herein, Defendant 517 West Properties, LLC owned and operated the building in which Plaintiff worked, located at, 517 W. 180th Street, Bronx, New York, a multi-story building with approximately 26 rental units.

7.     At all relevant times herein, Defendants 517 West Properties, LLC and Isaac Wettenstein, individually and/or jointly controlled the employment of Plaintiff and was

responsible for retaining, firing, scheduling, controlling, managing, supervising, and record-keeping as to Plaintiff's employment, among other employment functions.

8.      At all times relevant herein, Plaintiff was employed individually and/or jointly by Defendants.

9.      At all times relevant herein, Defendants have been, and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

10.     Upon information and belief, at all relevant times, Defendant 517 West Properties, LLC has had gross revenues exceeding $500,000.00.

11.     Upon information and belief, at all relevant times herein, Defendant 517 West Properties, LLC has used goods and materials produced in interstate commerce, and has employed individuals who handled such goods and materials.

12.     Upon information and belief, at all relevant times, Defendant 517 West Properties, LLC constituted an "enterprise" as defined in the FLSA.

13.     Upon information and belief, Defendant 517 West Properties, LLC is the owner or part owner and principal of 517 West Properties, LLC; he has the power to hire and fire employees, set wages and schedules, and maintain their records.

14.     Defendant Isaac Wettenstein is involved in the day-to-day operations of 517 West and plays an active role in managing the building where Plaintiff works on behalf of defendant 517 West.

15.     Defendants constituted "employers" of Plaintiff as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

16.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

17.     Venue is proper in this district pursuant to 28 U.S.C. § 1391, because Defendants' business is located in this district.

## COLLECTIVE ACTION ALLEGATIONS

18.     Pursuant to 29 U.S.C. § 206 and § 207, Mr. Ramirez Molina seeks to prosecute his FLSA claims as a collective action on behalf of a collective group of persons defined as follows:

> All persons who are or were formerly employed by defendant 517 West in the United States at any time since May 11, 2019, to the entry of judgment in this case (the "Collective Action Period"), who were employees of defendant 517 West, and who were not paid at least applicable minimum wage or overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

19.     The Collective Action Members are similarly situated to Mr. Ramirez Molina in that they were employed by the defendants as non-exempt employees, and were denied payment at the statutory minimum wage and/or were denied compensation overtime pay for hours worked beyond forty hours in a week.

20.     They are further similarly situated in that defendants had a policy and practice of knowingly and willfully refusing to pay them the minimum wage or overtime.

21.     Mr. Ramirez Molina, and the Collective Action Members perform or performed the same or similar primary duties, and were subjected to the same policies and practices by defendants.

4

22.    The exact number of such individuals is presently unknown, but is known by the defendants and can be ascertained through appropriate discovery.

## CLASS ACTION ALLEGATIONS

23.    Plaintiff brings his NYLL claims pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of all non-exempt personnel employed by Defendants 517 West and Isaac Wettenstein on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

24.    All said persons, including Plaintiff, are referred to herein as the "Class."

25.    The Class members are readily ascertainable.  The number and identity of the Class members are determinable from the records of Defendants.  The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records.  For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided by means permissible under said FRCP 23.

### *Numerosity*

26.    The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their Claims as a class will benefit the parties and the Court.  Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are over forty (40) members in the class.

### *Commonality*

27.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a.    Whether Defendants employed Plaintiff and the Class within the meaning of New York law.

b.    Whether Plaintiff and Class members are entitled to and paid overtime under the New York Labor Law;

c.    Whether Defendants maintained a policy, pattern and/or practice of failing to provide requisite statutory meal periods;

d.    Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiff's and the Rule 23 Class's start of employment and/or timely thereafter;

e.    Whether Defendants provided paystubs detailing full and accurate rates of pay and credits taken toward the minimum wage to Plaintiffs and the Rule 23 Class on each payday; and

f.    At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for their work.

***Typicality***

28.    Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions.  All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime.  Defendants' corporate wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member.  Plaintiff and other Class members sustained

similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

***Adequacy***

29.    Plaintiff is able to fairly and adequately protect the

Interests of the Class and has no interests antagonistic to the Class.  Plaintiff is represented by attorneys who are experienced and competent representing plaintiffs in both class action and wage and hour employment litigation cases.

***Superiority***

30.    A class action is superior to other available methods

for the fair and efficient adjudication of this controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender.  Because the losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.  Further, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in significant saving of these costs.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying

adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interest through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

31.    Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## **FACTS**

32.    Upon information and belief, at all relevant times herein, Defendants were engaged in the business of real estate and building management and ownership.

33.    Upon information and belief, at all relevant times herein, Defendants owned and/or operated at least two multi-family apartments buildings located in the Bronx, New York at 517 West 180th Street, and 570 West 182nd Street.

34.    At all times relevant herein, Defendants employed Mr. Ramirez Molina as a handyman, and "super", in which position Plaintiff performed manual work including maintenance and repairs, including collecting and throwing out garbage/trash, cleaning common areas of the building, monitoring security cameras, keeping 1st floor and common

areas clear of unauthorized persons, as well as sweeping or shoveling the snow outside the building as needed, in and around Defendants' multi-story apartment building located at 517 West 180th Street, Bronx, New York, 10033.

35.    Mr. Ramirez Molina has been employed in such position by Defendants from January 2, 2020, to the present.

36.    During his employment by Defendants, Mr. Ramirez Molina has worked seven days per week, from 7 a.m. until 4 p.m.

37.    Consequently Mr. Ramirez Molina has been working approximately 63 hours per week during his employment by Defendants.

38.    From the beginning of his employment by Defendants until March 5, 2022, Mr. Ramirez Molina was never paid any wages.

39.    Mr. Ramirez Molina has been paid a weekly salary of $150, in cash, by Defendants since March 5, 2022.

40.    Mr. Ramirez Molina's work during his employment by Defendants was integrated into the business of Defendants, and did not involve executive or administrative responsibilities.

41.    At all relevant times herein, Mr. Ramirez Molina was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

42.    Defendants failed to pay Plaintiff any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

43.    Defendants' failure to pay Plaintiff the overtime bonus for overtime hours worked was willful and lacked a good faith basis.

44.    Defendants failed to provide Plaintiff with properly compliant paystubs under the New York Labor Law.

45.    Defendants failed to provide Plaintiff with a wage acknowledgment notice, upon his hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

46.    Upon information and belief, throughout the period of Mr. Ramirez Molina's employment, both before that time (throughout the Collective Action and Class Action Period) and continuing until today, the defendants have likewise employed other individuals like Mr. Ramirez Molina (the Collective Action Members and Class Members) in positions at the defendants' buildings that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

47.    Defendants applied the same employment policies, practices, and procedures to all Collective Action Members and Class Members, including policies, practices, and procedures with respect to the payment of overtime.

48.    Upon information and belief, these other individuals have worked in excess of forty hours per week, yet the defendants have likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

49.    Upon information and belief, these other individuals were not provided with required wage notices or weekly wage statements as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

50.    Upon information and belief, while the defendants employed Mr. Ramirez Molina and the Collective Action and Class members, and throughout all relevant time periods, the defendants failed to maintain accurate and sufficient time records or provide accurate records to employees.

51.    Upon information and belief, while the defendants employed Mr. Ramirez Molina and the Collective Action members and Class Members, and throughout all relevant time periods, the defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

## COUNT I: Fair Labor Standards Act - Overtime

52.    Plaintiff, on behalf of himself and all Collective Action Members and Class Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

53.    At all relevant times, Defendants employed Plaintiff and each of the Collective Action Members and Class Members within the meaning of the FLSA.

54.    Defendants had a policy and practice of refusing to pay their employees the correct overtime premiums for hours they worked that exceeded forty hours per workweek.

55.    Because of Defendants' willful failure to compensate Plaintiff at a rate at least one-and-one-half times the regular rate of pay for work performed exceeding forty hours per workweek, Defendants have violated the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

56.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacks a good faith basis within the meaning of 29 U.S.C. § 260.

57.     Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, an additional equal amount as liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action.

## COUNT II:  New York Labor Law  – Minimum Wage

58.     Plaintiff, on behalf of himself and all Collective Action and Class Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

59.     At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

60.     Defendants willfully violated Plaintiff's rights by failing to pay him any wages whatsoever prior to March 5, 2022, and after that date failing to pay him wages at least equal to applicable statutory minimum wage, in violation of the New York Labor Law §§ 190-99, 652 and supporting regulations.

61.     Defendants' failure to compensate Plaintiff in compliance with the New York Labor Law was willful and lacked good faith basis, within the meaning of New York Labor Law §§ 198 and 663 and supporting regulations.

62.     Due to Defendants' New York Labor Law violations, Plaintiff and the Collective Action Members are entitled to recover from Defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 198 and 663(1).

## COUNT III: New York Labor Law - Overtime

63.     Plaintiff, on behalf of himself and all Collective Action Members and Class Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

64.     At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

65.     Defendants willfully violated Plaintiff's rights by failing to pay him overtime compensation at rates at least one-and-one-half times their regular rate of pay for each hour worked that exceeded forty hours per workweek, in violation of the New York Labor Law §§ 650 *et seq.* and its supporting regulations in 12 N.Y.C.R.R. § 146.

66.     Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

67.     Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT IV: New York Labor Law – Wage Theft Prevention Act

68.     Plaintiff, on behalf of himself and all Collective Action Members and Class Members repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

69.     At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

70.     Defendants willfully violated Plaintiff's rights by failing to provide him with the wage notices required by the Wage Theft Prevention Act when he was hired, or at any time thereafter.

71.     Defendants willfully violated Plaintiff's rights by failing to provide him with weekly wage statements required by the Wage Theft Prevention Act at any time during his employment.

72.     Due to Defendants' New York Labor Law violations relating to the failure to provide paystubs, Plaintiff is entitled to recover from Defendants statutory damages of $250 per day from January 2, 2020, through the present, up to the maximum statutory damages.

73.     Due to Defendants' New York Labor Law violations relating to the failure to provide wage notices, Plaintiff is entitled to recover from Defendants statutory damages of $50 per day from January 2, 2020 through the present, up to the maximum statutory damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

a.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b.   An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

14

c.   A compensatory award of unpaid compensation, at the applicable statutory

minimum wage and overtime rates due under the FLSA and the New York

Labor Law;

d.   An award of liquidated damages as a result of Defendants' willful failure to

pay at least minimum wage applicable under the New York Labor Law:

e.   An award of liquidated damages as a result of Defendants' willful failure to

pay overtime compensation pursuant to 29 U.S.C. § 216;

f.   Statutory damages for Defendants' violations of the New York Wage Theft

Prevention Act;

g.   Back pay;

h.   Punitive damages;

i.   An award of prejudgment and post judgment interest;

j.   An award of costs and expenses of this action together with reasonable

attorneys' and expert fees; and

k.   Such other, further, and different relief as this Court deems just and proper.


Dated:  May 11, 2022                          /s/ *Michael Samuel*
                                              Michael Samuel, Esq. (MS 7997)
                                              THE SAMUEL LAW FIRM
                                              1441 Broadway – Suite 6085
                                              New York, NY 10018
                                              (212) 563-9884

                                              *Attorneys for Plaintiff*